```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
BARBARA BAVARO,

                        Plaintiff,           08-CV-0404

                                             **DECISION**
            v.                               **and ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security

                        Defendant.
_____
```

## **INTRODUCTION**

Plaintiff Barbara Bavaro ("Plaintiff") brings this action pursuant to § 216(i) and § 223 of the Social Security Act ("the Act"), 42. U.S.C § 405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") Michael Astrue, denying her application for Disability Insurance benefits. Specifically, Plaintiff alleges that the decision of Administrative Law Judge ("ALJ") Nancy L. Gregg, denying her application for benefits was erroneous and not supported by the substantial evidence contained in the record or the applicable law.

The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that the Commissioner's decision was based on substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings, or in the alternative to remand the matter for a new hearing on the grounds that the Commissioner failed to demonstrate that there are a substantial number of jobs

that exist in the regional and national economy that Plaintiff can perform. The Court finds the Commissioner satisfied this burden, and that the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore the Commissioner's motion for judgment on the pleadings is granted, and Plaintiff's cross-motion for judgment on the pleadings is denied.

## **BACKGROUND**

On October 1, 2004 Plaintiff filed an application for a period of disability and disability insurance benefits alleging inability to work beginning February 20, 2004 due to herniated discs and pain in her back, neck, and shoulders, which radiated to her arms and hands. This application was denied on December 16, 2004. Plaintiff then filed a timely request for a hearing on February 4, 2005.

Thereafter, Plaintiff appeared, with counsel, before ALJ Gregg on January 9, 2007. At the hearing, Plaintiff amended her onset date to April 23, 2006. A supplemental hearing was held on February 20, 2007, at which time an impartial vocational expert testified. In a decision dated October 29, 2007, the ALJ found that Plaintiff was not disabled. The decision became the final decision of the Commissioner on March 28, 2008, when the Social Security Appeals Council denied Plaintiff's request for review. On June 2, 2008, Plaintiff filed this action.

## DISCUSSION

### I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Monqeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering

the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2d Cir. 1988). If, after a review of the pleadings, the Court is convinced that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, judgment on the pleadings may be appropriate. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, a remand to the Commissioner for further development of the evidence is proper when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." Rosa v. Callahan, 168 F.3d 72, 82-83 (2d. Cir. 1999) (quoting Pratts v. Chater, 94 F.3d 34, 39 (2d Cir. 1980)).

## II. **The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence in the record**.

The ALJ determined Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act, as Plaintiff had the residual functional capacity to perform work, other than that which she previously performed, that exists in significant numbers in the national economy. Therefore she was "not disabled" under Medical-Vocational Rule 202.15. (R. 35-36). For the reasons set forth below, I find the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence in the record, and is accordance with applicable law. I therefore grant the Commissioner's motion for judgment on the pleadings and reject Plaintiff's cross motion.

Plaintiff contends the Commissioner failed to satisfy Step Five of the five step process an ALJ follows when evaluating a

claim for disability benefits. (Pl. Mem. at 22).  Specifically, Plaintiff claims that the Commissioner failed his statutory burden under 20 § CFR 404.1501 to demonstrate that there are a substantial number of jobs that exist in the regional and national economy that Plaintiff can perform (PL's Memo of Law at 22).

 At Step Five of the sequential five-step evaluation process, the burden is on the Commissioner to show that a claimant has the residual functional capacity ("RFC") to perform work other than which he or she previously performed that exists in significant numbers of jobs in the national economy. 20 CFR § 404.1569. Residual functional capacity is defined as the functional capacity a person retains despite his or her injuries. § 404.1545. A claimant's RFC is determined after evaluating all relevant medical and non-medical evidence in the record. Id. The ALJ determines a claimant's RFC by applying the Medical-Vocational guidelines set forth in 20 CFR § Part 404, Subpart P, Appendix 2 ("the Grids")with occasional reliance on vocational expert testimony. See, Rosa v. Callahan, 168 F.3d 72, 78 (2d. Cir. 1999) (stating that ordinarily the Commissioner meets his step 5 burden by resorting to the grids, but where the guidelines fail to describe the full extent of a claimant's limitations, vocational expert testimony may be required). Thus, even if a claimant has impairments preventing her from performing her past relevant work, if other work exists in significant numbers in the national economy that conforms to her

RFC and vocational factors such as age, education, and work experience, she is not disabled under 20 CFR § 404.1569.

The Commissioner must establish that substantial evidence supports a finding that Plaintiff has the RFC to perform some work in the national economy. Id. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co., 305 U.S. at 217. Here, the Commissioner considered the entire record, and relied on the Grids and vocational expert testimony in determining Plaintiff had the RFC to perform other work that exists in the national economy.

In determining Plaintiff's RFC, the ALJ relied on several sources of information. The ALJ considered the functional evaluation assessment prepared by Plaintiff's physical therapist, Sylvia Marzullo. (R. 32, 374-379). Ms. Marzullo recommended Plaintiff could safely "level" lift eighteen pounds and carry twenty-three pounds; that she could pull fifty pounds; and could sit for two hours at a time and seven hours per day, and stand and walk for two hours consecutively, for a total of seven hours in an eight hour workday. (R.374, 379). Ms. Marzullo also recommended Plaintiff avoid repetitive neck movements and repetivive reaching of more than nineteen inches with her left arm. (R. 375) The ALJ considered Ms. Marzullo's recommendations when she made the RFC finding. (R. 32).

Moreover, the ALJ relied upon the findings of Maureen Vaughan, a nurse practitioner who treated Plaintiff. Ms. Vaughan limited

Plaintiff's abilities to carrying six pounds continuously, ten pounds frequently and twenty-five to fifty pounds occasionally (R. 32, 251-252). Although the ALJ improperly referred to Ms. Vaughan's opinion as that of a treating physician, this error was harmless, as the ALJ may consider the opinions of a nurse practitioner as evidence from "other sources" in making a disability determination under 20 C.F.R. § 404.1513(d)(1). *See also* McConnell v. Astrue, 2008 WL 833968 at *16 (N.D.N.Y, decided March 27, 2008) (stating that a nurse practitioner is considered under the category of "other sources" which the Commissioner may use to show the severity of a claimant's impairment and how it affect's a claimant's ability to work). Further, Ms. Vaughan adopted the findings of Joseph J. Higgins', a therapist who performed a functional evaluation of the Plaintiff, and whom the ALJ specifically references in her decision (R. 32, 290-296). Thus, the ALJ properly relied upon Ms. Vaughan's opinion, despite improperly referring to her as a treating physician.

The ALJ also relied upon the opinion and report of Dr. Steven Dina, a physician who evaluated Plaintiff at the Commissioner's request. (R. 28). Dr. Dina stated that Plaintiff had no functional limitation. (R.350). Furthermore, the ALJ considered Plaintiff's daily living activities which included the following: washing dishes, sweeping floors, light cleaning, grocery shopping, personal grooming, managing her finances, driving up to 100 miles per week, visiting family and friends, and frequenting restaurants up to two

times per week. (R. 115, 117, 118, 348, 496). An ALJ's consideration of the entire record, including a claimant's reports of her own daily activities, is a proper means of determining a claimant's RFC under 20 C.F.R.§ 404.1513(e).

### A. **The ALJ properly considered the opinion of a treating physician**.

Plaintiff contends the ALJ failed to give a treating physician's opinion controlling weight, and therefore violated the treating physician rule. (PL's Br. At 16) The treating physician rule requires the opinion of a claimant's treating physician be given controlling weight "so long as it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record." 20 C.F.R.§ 404.1527(d)(2). However, where a treating physician's opinions are inconsistent with the opinions of other medical experts, the court will not afford the treating physician's opinion controlling weight, for "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve," Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir.2002). Specifically, Plaintiff alleges the ALJ erroneously refused to acknowledge the opinion of Michael C. Geraci, Jr. M.D. (Pl's Br. At 16). In a report dated October 14, 2002, Dr. Geraci stated Plaintiff was restricted from lifting over ten pounds. (Pl's Br. At 16, R. 339). This restriction remained in Dr. Geraci's reports on February 19, 2003, July 16, 2003, October 20, 2003, and February 24, 2004 (R. 335-338). However the

restriction was not listed on Dr. Geraci's subsequent reports on October 21, 2005, April 19, 2005, March 11 2005, or December 7, 2004. (R. 369-372).

Even if it is presumed that Dr. Geraci's subsequent reports were meant to include the lifting restriction, Dr. Geraci's opinions are inconsistent with other medical expert's and thus need not be afforded controlling weight. A Physical Residual Functional Capacity Assessment prepared by the state agency review analyst dated December 10, 2004 states Plaintiff could lift, carry, push and pull 20 pounds occasionally, and 10 pounds frequently. (R. 354). Plaintiff could also occasionally climb, balance, stoop, kneel, crouch, and crawl. (R. 354). Functional Capacity evaluations conducted on November 17, 2001 and February 19, 2004 found Plaintiff could perform light work. (R. 282, 292). Further, Dr. Geraci's opinions are inconsistent with the aforementioned opinions of Sylvia Marzullo, Maureen Vaughan, Joseph J. Higgins, and Dr. Steven Dina. Therefore, the ALJ properly considered Dr. Geraci's opinion, and did not violate the treating physician rule in refusing to afford controlling weight to his opinion, as the opinion was inconsistent with the opinions of other medical experts. Veino, 312 F.3d at 588.

**B. The ALJ's reliance on vocational expert testimony was proper.**

Plaintiff argues the ALJ improperly relied on the vocational expert testimony because the positions identified by the expert

require an RFC the Plaintiff does not possess. (Pl. Br. at 5). Specifically, Plaintiff argues the positions identified have "reaching" requirements that the Plaintiff is unable to meet due to disability. (Pl. Br. at 9). The vocational expert testified Plaintiff could perform work as a small products assembler, counter clerk, cashier-checker, and salesclerk, and that these positions existed in significant numbers in the national and local economy. (R 444-450). Plaintiff is correct in stating the positions of small products assembler, cashier-checker, and salesclerk require constant or frequent reaching and that Plaintiff's RFC renders her unable to work in these positions. (Pl. Br. at 6, R 185-190). However, the positions of sales representative and counter clerk require only occasional reaching, acts which comport with Plaintiff's RFC. (R. 193, 202). Therefore, Plaintiff's argument that her physical reaching limitations preclude the ALJ's reliance on the vocational expert's testimony must be rejected.

Plaintiff also argues she cannot work as a sales representative because the position has a specific vocational preparation ("SVP") level for which she is not qualified. Specifically, the position has an SVP of level 5, meaning it is skilled work. Plaintiff argues she has no skills that are transferable from her former semi-skilled employment to a skilled position. (Pl. Br. at 7). However the vocational expert testified Plaintiff had transferable skills, such as the ability to copy, compare, compile, and compute data, to speak well and persuade

others, to complete work in a timely fashion, and to make out simple forms. (R. 443). Further, as Defendant suggests, there is no evidence that Plaintiff is incapable of learning a skilled position such as sales representative. (Df. Br. at 23).

Plaintiff also contends the vocational expert's testimony that Plaintiff could work as a counter clerk in the photo finishing industry is flawed. Mainly, Plaintiff states the "photo finishing industry is in collapse" and that positions in this industry are akin to that of a "mattress tester"- while they require no skill and demand no exertion, such jobs just do not exist. (Pl. Br. at 13). However, according to the Dictionary of Occupational Titles, there exists 96,500 such positions nationally, and 1,640 regionally. (R. 200, 449). Thus, the ALJ properly considered the vocational expert's testimony in this respect.

20 C.F.R. 404.1566(b) requires an ALJ to show at least one job a claimant can perform in the national and local economy. Irrespective of the Plaintiff's potential inability to perform the positions of small products assembler, cashier-checker, and salesclerk due to reaching limitations, the ALJ satisfied this statutory requirement in referencing the counter clerk position. (R. 36). Therefore, the ALJ properly relied on the vocational expert's testimony in finding the Plaintiff not disabled.

## CONCLUSION

For the reasons set forth above, I grant Commissioner's motion for judgment on the pleadings. Plaintiff's cross-motion for

judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED

S/Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
April 8, 2010